MATTHEW B. MOCK (SBN 316380)
matthew.mock@afslaw.com
OSCAR A. FIGUEROA (SBN 313238)
oscar.figueroa@afslaw.com
**ARENTFOX SCHIFF LLP**
555 S. Flower St., 43rd Floor
Los Angeles, CA 90071
Tel: 213.629.7400/Fax: 213.629.7401

JONATHAN JUDGE (*Pro Hac Vice*)
jonathan.judge@afslaw.com
**ARENTFOX SCHIFF LLP**
233 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel: 312.258.5500/Fax: 312.629.5600

Attorneys for Petitioner
ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY CONSERVATION INVESTMENT FUND, LP, a Chinese limited partnership,<br><br>Petitioner,<br><br>v.<br><br>PHILLIP LIANG ZHANG aka ZHANG PHILLIP LIANG, aka LIANG ZHANG, aka ZHANG LIANG, aka PHILLIP CHANG, aka PHILLIP L CHANG; aka PHILLIP CHENG, an individual,<br><br>Respondent. | Case No. 8:23-cv-02059-MRA-JDE<br><br>**PETITIONER'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Hon. Mónica Ramírez Almadani<br><br>Petition Filed: November 1, 2023<br><br>Discovery Cut-Off: N/A<br>Pre-Trial Conference Date: N/A<br>Trial Date: N/A |

**TO THE HONORABLE DISTRICT JUDGE MÓNICA RAMÍREZ ALMADANI AND ALL INTERESTED PARTIES:**

By this Application for Leave to File Under Seal (the "Application"), Petitioner Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP ("Petitioner") hereby moves this Court, pursuant to Local Rules 79-5.2.2, for an order sealing the following documents:

| Document | Portion to be Sealed |
|---|---|
| August 27, 2020 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_048-49) | This document in its entirety. |
| May 31, 2024 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_050-51) | This document in its entirety. |
| September 23, 2024 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_052-53) | This document in its entirety. |
| April 10, 2021 Capital Contribution Statement (JCAE_PROD_057) | This document in its entirety. |
| October 20, 2024 Capital Contribution Statement (JCAE_PROD_058) | This document in its entirety |
| October 30, 2024 Capital Contribution Statement (JCAE_PROD_059) | This document in its entirety. |
| December 2, 2024 Capital Contribution Statement (JCAE_PROD_060) | This document in its entirety. |
| December 17, 2024 Capital Contribution Statement (JCAE_PROD_061) | This document in its entirety. |
| January 9, 2025 Capital Contribution Statement (JCAE_PROD_062) | This document in its entirety. |

| | |
|---|---|
| JCAE Group, Inc. Balance Sheet (JCAE_PROD_063) | This document in its entirety. |
| JCAE Group, Inc. Profit & Loss Statement (JCAE_PROD_064) | This document in its entirety. |
| Zhang's Bank of America account statement for December 12, 2025 to January 13, 2025 (ZHANG_PROD_023-26) | This document in its entirety. |
| *Ex Parte* Application for Order Appointing Temporary Receiver and Order to Show Cause Why a Permanent Receiver Should Not be Appointed | Pg. 9, Line 14: the numeric amount |
| | Pg. 9, Line 18: the numeric amount |
| | Pg. 9: the screenshot of Zhang's bank account statement |
| | Pg. 10, Line 1: the numeric amount |
| | Pg. 10: the screenshots of Zhang's bank account statement and Capital Contribution Statements |
| | Pg. 10, Line 18: the numeric amount |
| | Pg. 11, Line 2: the numeric amount |
| | Pg. 11, Line 5: the numeric amounts |
| | Pg. 11, Line 7: the numeric amounts |
| | Pg. 11: the screenshot of Capital Contribution Statement |
| | Pg. 12: the screenshots of Capital Contribution Statements |
| | Pg. 13, Line 15: the numeric amount |
| | Pg. 13, Line 16: the numeric amounts |
| | Pg. 14, Line 13-14: the numeric amounts |
| | Pg. 14, Line 15-16: the numeric amount |
| | Pg. 14: the screenshot of JCAE's profit & Loss Statement |

1	The documents listed above (collectively, the "Confidential Documents") disclose Respondent Phillip L. Zhang's ("Zhang") and his company, third-party JCAE Group, Inc.'s ("JCAE"), highly confidential financial information. Zhang's counsel does not oppose this filing or the requested relief herein.

As set forth more fully in the following Memorandum of Points and Authorities, Petitioner has demonstrated "compelling reasons" for sealing the Confidential Documents because they contain Zhang's and JCAE's highly confidential financial information that was designated by them as either Confidential or Confidential—Attorneys' Eyes Only.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Oscar A. Figueroa in support of this Application, and any documentary or oral evidence that may be introduced at or prior to any hearing on the motion.

WHEREFORE, Petitioner requests that the Court enter an order (1) granting this Application its entirety; (2) sealing the Confidential Documents; and (3) granting such other and further relief as the as Court deems just and proper.

Dated:  June 30, 2025	**ARENTFOX SCHIFF LLP**

By: */s/ Oscar A. Figueroa*
　　MATTHEW B. MOCK
　　JONATHAN JUDGE
　　OSCAR A. FIGUEROA
　　Attorneys for Petitioner
　　ZHUHAI DINGFU PHASE I
　　INDUSTRIAL ENERGY
　　CONSERVATION INVESTMENT
　　FUND, LP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Petitioner Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP ("Petitioner") hereby moves the Court, pursuant to Local Rules 79-5.2.2, for an order sealing the following documents (collectively, the "Confidential Documents"):

| Document | Portion to be Sealed |
|---|---|
| August 27, 2020 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_048-49) | This document in its entirety. |
| May 31, 2024 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_050-51) | This document in its entirety. |
| September 23, 2024 "Loan Agreement" between the Family Trust of Phillip Liang Zhang and Julie Xingzhou Cheng and JCAE Group, Inc. (JCAE_PROD_052-53) | This document in its entirety. |
| April 10, 2021 Capital Contribution Statement (JCAE_PROD_057) | This document in its entirety. |
| October 20, 2024 Capital Contribution Statement (JCAE_PROD_058) | This document in its entirety |
| October 30, 2024 Capital Contribution Statement (JCAE_PROD_059) | This document in its entirety. |
| December 2, 2024 Capital Contribution Statement (JCAE_PROD_060) | This document in its entirety. |
| December 17, 2024 Capital Contribution Statement (JCAE_PROD_061) | This document in its entirety. |
| January 9, 2025 Capital Contribution Statement (JCAE_PROD_062) | This document in its entirety. |

| | |
|---|---|
| JCAE Group, Inc. Balance Sheet (JCAE_PROD_063) | This document in its entirety. |
| JCAE Group, Inc. Profit & Loss Statement (JCAE_PROD_064) | This document in its entirety. |
| Zhang's Bank of America account statement for December 12, 2025 to January 13, 2025 (ZHANG_PROD_023-26) | This document in its entirety. |
| *Ex Parte* Application for Order Appointing Temporary Receiver and Order to Show Cause Why a Permanent Receiver Should Not be Appointed | Pg. 9, Line 14: the numeric amount |
| | Pg. 9, Line 18: the numeric amount |
| | Pg. 9: the screenshot of Zhang's bank account statement |
| | Pg. 10, Line 1: the numeric amount |
| | Pg. 10: the screenshots of Zhang's bank account statement and Capital Contribution Statements |
| | Pg. 10, Line 18: the numeric amount |
| | Pg. 11, Line 2: the numeric amount |
| | Pg. 11, Line 5: the numeric amounts |
| | Pg. 11, Line 7: the numeric amounts |
| | Pg. 11: the screenshot of Capital Contribution Statement |
| | Pg. 12: the screenshots of Capital Contribution Statements |
| | Pg. 13, Line 15: the numeric amount |
| | Pg. 13, Line 16: the numeric amounts |
| | Pg. 14, Line 13-14: the numeric amounts |
| | Pg. 14, Line 15-16: the numeric amount |
| | Pg. 14: the screenshot of JCAE's profit & Loss Statement |

As outlined below, compelling reasons exist to allow Petitioner to file this information under seal. The Confidential Documents contain Zhang's and JCAE's

highly confidential financial information that they previously designated as either Confidential or Confidential—Attorneys' Eyes Only. Petitioner believes the Confidential Documents disclose Zhang's and JCAE's nonpublic finances, and if disclosed, could cause them harm, including affecting JCAE's competitive standing. Respondent's counsel does not object to this filing and the relief requested herein.

## II. ARGUMENT

To seal documents filed in connection with a motion, a party must meet the "compelling reasons" standard. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 2003)). To demonstrate "compelling reasons," a party is "required to present 'articulable facts' identifying the interests favoring continued secrecy and to show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process." *Id.* at 1181. The Court has discretion to weigh various factors, including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The Supreme Court has held that "sources of business information that might harm a litigant's competitive standing" constitutes a "compelling reason" sufficient to outweigh the public's interest in disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated."). Confidential profit, cost, and pricing information can also be sealed

when a party establishes that the information, if publicly disclosed, could put the company at a competitive disadvantage. *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021). Additionally, Courts have sealed sensitive financial information when it would be damaging to a party if revealed publicly. *Saint Alphonsus Med. Ctr.--Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014).

Here, "compelling reasons" exist to file each of the Confidential Documents under seal. The Confidential Documents contain Zhang's nonpublic finances and JCAE's sensitive business information and have been marked either Confidential or Confidential—Attorneys Eyes Only" in their entirety. If made public, these documents could cause Zhang harm and negatively affect JCAE's competitive position by allowing competitors to unfairly gain insight into JCAE's business model and proprietary posture. A balance of the interest in having these documents sealed versus the public interest in understanding the judicial process warrants protecting this information from disclosure. It is Petitioner's understanding that this information is not otherwise publicly available.

Petitioner's request to file under seal is narrowly tailored and focused solely on information that is highly confidential and not publicly available.

## III. CONCLUSION

Petitioner requests that the Court enter an order (1) granting this Application its entirety; (2) sealing the Confidential Documents; and (3) granting such other and further relief as the as Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: June 30, 2025 | **ARENTFOX SCHIFF LLP** |
| 2 | | |
| 3 | | By: */s/ Oscar A. Figueroa* |
| 4 | | MATTHEW B. MOCK |
| 5 | | JONATHAN JUDGE |
| | | OSCAR A. FIGUEROA |
| 6 | | Attorneys for Petitioner |
| 7 | | ZHUHAI DINGFU PHASE I INDUSTRIAL ENERGY |
| 8 | | CONSERVATION INVESTMENT FUND, LP |

*Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP, v. Phillip Liang Zhang*
8:23-CV-02059-MRA-JDE

# PROOF OF SERVICE

I am a citizen of the United States. My business address is ArentFox Schiff LLP, 555 S. Flower St., 43rd Floor, Los Angeles, California 90071. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**PETITIONER'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**

[x] **(BY E-MAIL)** On this date, I personally transmitted the foregoing document(s) via my electronic service address (katryn.smith@afslaw.com) to the e-mail address(es) of the person(s) on the attached service list.

[ ] **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

[ ] **(BY PERSONAL SERVICE)** On this date, I caused to be delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

[ ] **(BY FEDERAL EXPRESS)** I electronically served the foregoing document(s) through Federal Express on the person(s) on the attached service list.

[x] **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Please see attached Service List.*

Executed on June 30, 2025, at West Grove, California.

_____
Katryn F. Smith

Service List

| | |
|---|---|
| Leodis C. Matthews<br>Zhong Lun Law Firm<br>4322 Wilshire Boulevard, Suite 200<br>Los Angeles, CA 90010 | Attorneys for Phillip Liang Zhang<br><br>leodismatthews@zhonglun.com<br>Phone: 323.930.5690 |
| Charles C.H. Wu, Esq.<br>Vikram Reddy<br>WU & REDDY, APC.<br>98 Discovery<br>Irvine, CA  92618 | Attorneys for Julie Cheng<br>cchwu@wclawyers.com<br>vreddy@wclawyers.com<br><br>Phone:  (949) 251-0111 |
| Andrew M. Sussman<br>WHGC PLC<br>1301 Dove St., Suite 1050<br>Newport Beach, CA 92660 | Counsel for William Cheng and Central Irvine Investment LLC<br><br>andrewsussman@whgclaw.com<br>JeffreyWang@WHGCLaw.com<br>SuchenLuo@WHGCLaw.com<br>eugenelong@whgclaw.com<br>ElenaRomero@WHGCLaw.com<br>martyvalenzuela@WHGCLaw.com<br><br>Phone: 866.970.0186 |