UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:23-cv-02059-MRA-JDE | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP v. Phillip Liang Zhang* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR ORDER APPOINTING TEMPORARY RECEIVER [127]**

Before the Court is Petitioner's Renewed Ex Parte Application for Order Appointing Temporary Receiver and Order to Show Cause why a Permanent Receiver Should not be Appointed ("Application"). ECF 127. The Court read and considered the Application and opposing papers. For the reasons stated herein, the Court **DENIES** the Application.

## I. BACKGROUND

On January 21, 2021, the Court granted Petitioner Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund's ("Petitioner") Motion for Recognition and Enforcement of Foreign Arbitral Award, recognizing and enforcing the December 2, 2021, Award of the Shanghai Arbitration Commission. ECF 45 at 21. Accordingly, the Court entered judgment in favor of Petitioner. ECF 47, 91.

Petitioner has since proceeded to take steps to enforce the Judgment against Respondent. However, Petitioner now represents that Respondent has "engaged in a pattern of asset concealment and evasion, willful discovery noncompliance, defiance of this Court's discovery order, fraudulent transfer of assets, and closure of bank accounts to frustrate execution of Petitioner's judgment." ECF 127-1 at 8. Petitioner states that Respondent's transfers appear calculated to evade collection efforts.[1] *Id.*

---

[1] Petitioner also moved to file portions of its Ex Parte Application under seal, pursuant to Local Rule 79-5.2.2. ECF 126. Because the documents Petitioner seeks to seal contain confidential financial information, the Court agrees that compelling reasons exist to seal Petitioner's filings. *See, e.g., Pulse Elecs. Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02059-MRA-JDE | Date | July 16, 2025 |
| Title | *Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP v. Phillip Liang Zhang* | | |

Petitioner therefore requests that the Court appoint a temporary receiver with "full authority to audit the rights, assets, property interests, and trusts of [Respondent] and his wife, Julie Cheng[.]" *Id.* at 9. According to Petitioner, only a receiver "has any chance of unwinding [Respondent's] web of deception before the judgment debtor exams this Court has scheduled beginning July 15, 2025[,]" because the receiver will be able to "identify the trusts, bank accounts, and other property rights that [Respondent] will not identify, untangle the fraudulent transfers intended to hide [Respondent's] assets, and allow for effective turnover orders that will bring this matter to a close." *Id.* Both Respondent and Respondent's wife, Julie Cheng, who is not a party to this case, oppose Petitioner's Application. ECF 131, 132.

## II.   DISCUSSION

To justify ex parte relief, the moving party must establish with evidence that "[1] the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that "[2] [it] is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Federal Rule of Civil Procedure 66 and Local Rule 66-1 authorize the appointment of a receiver. Federal Rule of Civil Procedure 66 provides that "the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Local Rule 66-1 provides that a temporary receiver may be appointed, in the court's discretion, "[u]pon good cause shown by verified pleadings or declaration[.]" However, "appointing a receiver is an extraordinary equitable remedy, which should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (quotation marks omitted).

Petitioner has not satisfied the *Mission Power* standard for ex parte relief. Petitioner argues that it faces irreparable harm if the requested relief were to be heard according to regular motion procedures because Respondent "continues to dissipate assets to prevent Petitioner from executing the judgment." ECF 127-1 at 24. But Petitioner fails to show that the result of Respondent's alleged asset transfers is indeed *irreparable* prejudice. Petitioner makes no showing, for example, that Respondent's assets will be beyond this Court's jurisdiction, and "[s]peculative injury cannot be the basis for a finding of irreparable harm." *In re Excel*

(S.D. Cal. 2021) ("sources of business information that might harm a litigant's competitive standing may [ ] constitute a compelling reason to seal . . . such as a company's confidential profit, cost and pricing information[.]") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal quotation marks omitted)). The Court therefore **GRANTS** Petitioner's application to file under seal. ECF 126.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:23-cv-02059-MRA-JDE | Date | July 16, 2025 |
|---|---|---|---|
| Title | *Zhuhai Dingfu Phase I Industrial Energy Conservation Investment Fund, LP v. Phillip Liang Zhang* | | |

*Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) (citing *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984)).

Petitioner also argues that a temporary receiver must be appointed to account for all of Respondent's available assets, and the location of those assets, so that the judgment debtor exams scheduled for mid-July "can proceed productively on the schedule this Court previously set." ECF 127-1 at 28. The Court is not persuaded that these exams cannot be rescheduled if necessary. At least one exam is scheduled for August 7, 2025. ECF 104. And, on July 14, 2025, the parties jointly stipulated to continue the debtor examinations of third parties set for July 15, 2025, and July 16, 2025. ECF 135. Furthermore, although Petitioner argues that a temporary receiver is necessary to account for Respondent's available assets because discovery has so far proved unfruitful, the docket reflects that Petitioner has so far taken only limited measures to address alleged discovery issues. Prior to filing its Ex Parte Application, Petitioner filed only one motion to compel discovery. ECF 65. Taking these considerations together, Petitioner fails to demonstrate that discovery issues cannot be addressed through less drastic procedural means.[2]

### III. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Petitioner's Ex Parte Application. ECF 127.

**IT IS SO ORDERED.**

                             \_\_\_ : \_\_\_

Initials of Deputy Clerk     mku

---

[2] Petitioner requests that this Court appoint a receiver not just over Respondent's assets, but over the assets of Respondent's *wife*, who is not a party to this case. As Julie Cheng argues in her Opposition, some of the property at issue is her *separate* property—not community property. ECF 132 at 6-9. Allowing a receiver to take control of Ms. Cheng's separate property without a properly noticed hearing risks violating Ms. Cheng's due process rights, providing yet another reason to deny Petitioner's *ex parte* request. *See In re San Vicente Medical Partners, Ltd.*, 962 F.2d 1402, 1406-08 (9th Cir. 1992) (despite its "wide discretion," a court may only include non-party property in its receivership order if "the non-party meets the minimum contacts standard set out in *International Shoe* and receives actual notice and an opportunity for a hearing.").